# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Shawn Richards Bey, | Case No. 2:24-4852-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| MUSC Health University Medical Center; Octavia Nicole Washington; and the North Charleston Police Department, | |
| Defendants. | |

This matter comes before the Court on a Report and Recommendation ("R & R") from the Magistrate Judge recommending the denial of Plaintiff's motion for a temporary restraining order and preliminary injunction and the dismissal of this action without leave to amend. (Dkt. No. 9). The Magistrate Judge concluded that Plaintiff's claims, rooted in the sovereign citizen movement, failed to state a claim upon which relief could be granted. Further, the Magistrate Judge noted that the parties, factual background, and claims asserted by Plaintiff are essentially identical to a suit earlier filed by Plaintiff and dismissed by the Court as being without legal merit. *Bey v. MUSC Health University Medical Center*, C.A. No. 2:24-3990 (D.S.C. August 21, 2024).

## I.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C.

§ 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.  Discussion

This action arises out of Plaintiff's disagreement with the treatment rendered to his minor daughter by the Medical University of South Carolina after the child was diagnosed with leukemia. Informed consent for the treatment was provided by the minor child's natural mother. Plaintiff seeks to have the Court halt the child's ongoing medical treatment. Plaintiff bases his claims on a "trust" created by Plaintiff and Defendant Washington pursuant to the "national ecclesiastical trust indenture law" of the Moorish Nation. Under this "trust," Plaintiff claims he holds the exclusive right to be the decisionmaker and custodian in regard to the minor child. (Dkt. No. 9 at 2).

The R & R describes the claim as "frivolous" and rooted in the sovereign citizens movement. (*Id*. at 2, 4). Under the sovereign citizens movement, proponents claim to have a special status in the United States due to their association with the Moorish Nation. The Magistrate Judge noted the consistent legal precedent finding that such claims have no legal merit and are frivolous. The R & R further noted that the dispute raised by Plaintiff is essentially a matter of parental rights and domestic relations, and it is well settled that the federal courts should abstain from hearing child custody matters. (*Id.* at 3). The Magistrate Judge recommended the Court dismiss this action without leave to amend and to deny the pending motions for temporary relief. (*Id*. at 8).

The Magistrate Judge observed that the only small change in Plaintiff's two lawsuits, based on the identical facts and parties, was an attempt to recast his claim as a liberty interest under the Fourteenth Amendment rather than a religious freedom claim as a member of the Moorish Nation. The Magistrate Judge correctly noted that Plaintiff's present suit "still boil[s] down to an attempt to reassert custodial rights over A.R.B. under the guise of religious freedom and the terms of a frivolous trust under the 'national ecclesiastical trust indenture law' of the Moorish American Nation." (*Id*. at 6).

Plaintiff filed objections totaling 25 pages single spaced and raised a dizzying array of arguments about his "preemptory norm rights to self determination and right to not be arbitrarily deprived of my right to a Nationality . . ." (Dkt. No. 15 at 2).  Throughout his many pages of observations, comments and criticisms of American law and society, characterized as objections, Plaintiff fails to address a central finding of the Magistrate Judge that he seeks to entangle the federal courts in a domestic dispute with the mother of his child over control of the child's medical care where it is well settled that these domestic matters are the responsibility of the state family courts and that the federal courts should abstain from addressing child custody related matters. *See*, *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006).  Plaintiff also fails to address the finding of the Magistrate Judge that the "trust indenture law" of the Moorish American Nation, on which he bases his claim, has no legal effect.  The Court finds Plaintiff's objections are without merit and fail to address with any specificity the findings and recommendations of the Magistrate Judge relevant to the disposition of the case.

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly determined that the Court should abstain from exercising its jurisdiction over

this matter and the claim of special status or rights arising from an affiliation with the Moorish Nation has no legal merit. The Court adopts the R & R (Dkt. No. 9) as the order of the Court.

Additionally, the Court finds this second suit is barred by the doctrine of *res judicata* or claim preclusion, which bars a party from "relitigating issues that were or could have been raised" in the earlier action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004. Plainly, *res judicata* applies here because Plaintiff's second suit is based on the same facts and parties as his first suit and asserts claims that were and/or could have been asserted in the earlier lawsuit. *Res judicata* provides a second and independent basis to summarily dismiss this action.

Based on the foregoing, the Court adopts the R& R as the order of the Court (Dkt. No. 9), supplemented by the discussion of *res judicata* above, denies Plaintiff's motions for a temporary restraining order and preliminary injunction (Dkt. Nos. 6), and dismisses this action without leave to amend.

**AND IT IS SO ORDERED.**

    s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

October 31, 2024
Charleston, South Carolina